# IN THE COURT OF APPEALS OF IOWA

No. 14-0788
Filed March 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHANE DEAN SMELTZER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A defendant appeals his sentence following his guilty plea to thirteen charges. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Michael J. Walton, County Attorney, and William Ripley, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Shane Smeltzer appeals his sentence following his guilty plea to thirteen charges encompassing three criminal cases, including nine counts of burglary in the third degree,[1] one count of attempted burglary in the third degree,[2] one count of burglary in the second degree,[3] one count of theft in the first degree,[4] and one count of criminal mischief in the first degree.[5] The court imposed a sentence, including concurrent and consecutive sentences, that amounted to a total of twenty-five years in prison. Smeltzer appeals claiming the court did not give adequate reasons for imposing the sentence ordered.

> [T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.

*State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." "This requirement includes giving reasons for imposing consecutive sentences." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). The reasons need not be detailed, though at least a cursory explanation must be provided to allow for appellate review. *Id.*

In sentencing Smeltzer, the court stated:

---

[1] *See* Iowa Code §§ 713.1, .6A (2013).
[2] *See* Iowa Code §§ 713.2, .6B.
[3] *See* Iowa Code § 713.5.
[4] *See* Iowa Code § 714.2(1)
[5] *See* Iowa Code §§ 716.1, .2, .3.

> There certainly are aggravating and mitigating circumstances in this case. Mitigating circumstances, of course, would be the defendant's age and lack of prior criminal history prior to these charges. The aggravating circumstances the Court finds would be the seriousness of the offenses; the defendant's substance abuse problems; his lack of remorse up until today; and the nature and the extent of the circumstances, including the fact that he reoffended while awaiting sentencing on prior charges. The Court, as the parties know, is required by law to consider the least restrictive circumstances.

The court then went on to outline the sentences on each of the thirteen convictions and then ordered certain sentences to run concurrently and some to run consecutively.

Smeltzer claims the record in this case does not contain reasons why prison sentences were given instead of probation or a less restrictive alternative. He also claims the court failed to offer reasons for issuing multiple consecutive prison terms. He claims there is not an adequate record from which to glean an overall sentencing rationale in this case.

While the statement of reasons is brief in this case, we conclude its brevity does not preclude appellate review. The court clearly considered both the mitigating and aggravating circumstances involved in this case, including the fact that Smeltzer reoffended while awaiting sentencing, in crafting a complicated sentence of both consecutive and concurrent terms to arrive at a total term of incarceration of twenty-five years. Smeltzer's actions in committing further offenses while he was out in the community, along with his substance abuse problems, made it unlikely that he would be successful on probation or a less restrictive alternative to prison. *See* Iowa Code § 901.5 (noting the court must determine which sentence "will provide maximum opportunity for the

rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant"). Smeltzer committed a multitude of offenses against various victims on a number of occasions, some of which occurred while he was awaiting sentencing on the other offenses. The court recited that it considered Smeltzer's age, criminal history, substance abuse history, lack of remorse, the circumstances of the offenses, and implicitly identified what was necessary for his rehabilitation and for the protection of the community. From all of the foregoing, we are able to discern the court's reasoning for imposing concurrent and consecutive sentencing from its overall sentencing plan. *See Barnes*, 791 N.W.2d at 828 ("The court's reasons for ordering consecutive sentences were clearly expressed in its overall explanation for the sentence it imposed."). We find no abuse of discretion and affirm the sentences imposed.

**AFFIRMED.**